


Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 8111 | DATE | ½/2001 |
| CASE TITLE | Patricia Petersen, etc. vs. Scott Cordes, M.D., et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This action is ordered to be remanded to the Circuit Court of Cook County under Section 1447(c). And as permitted by this District Court's LR 81.2(b), the Clerk of this District Court is directed to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN - 3 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 1/2/2001 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA PETERSEN, etc., )
)
        Plaintiff, )
)
v. ) No. 00 C 8111
)
SCOTT CORDES, M.D., et al., )
)
        Defendants. )

**DOCKETED**

**JAN - 3 2001**

MEMORANDUM OPINION AND ORDER

Dr. Scott Cordes has filed a notice of removal ("Notice"),[1] seeking to remove from the Circuit Court of Cook County to this District Court a medical malpractice action brought against Drs. Cordes and Daryl O'Connor by Patricia Petersen ("Petersen") as Special Administrator of the Estate of decedent James Petersen. Because the Notice is defective in one critical respect, this Court sua sponte remands this action to the state court of origin.

Federal jurisdiction here is sought to be grounded on diversity of citizenship, and Dr. Cordes appears to have pushed the right buttons in that regard:

    1. Dr. Cordes is an Illinois citizen, and he asserts on information and belief that Dr. O'Connor is too (Notice

---

[1] Cordes' attorney has used the old term "Petition for Removal" even though it has been well over a decade since 28 U.S.C. §1446 ("Section 1446") was amended back in 1988 to change the label to "notice of removal" (the same legislation also changed some aspects of removal procedure). All references to other Title 28 provisions in this opinion will also take the form "Section --."



¶2).

2. Notice ¶3 asserts--again on information and belief--that Petersen is a Wisconsin citizen.

3. In compliance with this District Court's LR 81.2(a), Dr. Cordes' counsel sought and received an admission from Petersen that she was claiming and would seek damages in excess of $75,000 (Notice Ex. B), information that had to be obtained because the Complaint had conformed to the state law prohibition against inclusion of an express ad damnum.

But where the Notice comes up fatally short is in its failure to be joined in or consented to by <u>both</u> defendants (see, e.g., <u>Phoenix Container, L.P. v. Sokoloff</u>, No. 00-1466, 2000 WL 1844588, at *1 (7th Cir. Dec. 18) and the century-old Supreme Court cases cited there for that proposition).

It is clear that Dr. Cordes has not been in touch with Dr. O'Connor at all (else he would not have had to speculate as to Dr. O'Connor's citizenship on information and belief). And because the 30-day clock as to Dr. Cordes did not begin to tick until December 14, 2000 (Notice ¶¶7 and 8), he cannot complain about a current remand under Sections 1446(b) and 1447(c) because he still has ample time to cure the flaw identified here <u>if</u> it is

indeed curable,[2] so that he could then file a valid Notice.

Accordingly this action is ordered to be remanded to the Circuit Court of Cook County under Section 1447(c). And as permitted by this District Court's LR 81.2(b), the Clerk of this District Court is directed to mail the certified copy of the remand order forthwith.[3]

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: January 2, 2001

---

[2] No comment is made here as to whether, if the 30-day clock has already run out as to Dr. O'Connor, removal could still be available to Dr. Cordes (see the discussion in Phoenix Container, 2000 WL 1844588, at *1). Because of the possibility that in that event such availability would not be the case, a current remand rather than a deferral to permit a possible cure appears the appropriate course to take.

[3] Although this Court has accepted Cordes' "information and belief" statements for current purposes, the remand may also allow him to substitute fact for hypothesis in one or both instances during the limited time remaining on his 30-day clock. It should be said, however, that such substitution is not at all a necessary precondition to a valid and timely renewed effort at removal.